UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON, INSPECTIONAL SERVICES DEPARTMENT,<br>Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and<br>EAST FOURTH STREET, LLC<br>Defendants. | CIVIL ACTION NO. |

### DEFENDANTS' NOTICE OF REMOVAL
### TO THE UNITED STATE DISTRICT COURT

Pursuant to the provisions of 28 U.S.C. § 1443 and 28 U.S.C. § 1446, defendant James S. Dickey ("Defendant"), with the consent of defendant East Fourth Street LLC, hereby gives notice of his removal of this action to the United States District Court for the District of Massachusetts from the Eastern Division of the Housing Court of Massachusetts, County of Suffolk. Removal is based on the following grounds:

1. The plaintiff City of Boston Inspectional Service Department ("Plaintiff") commenced this action in the Eastern Division of the Housing Court of Massachusetts, County of Suffolk, by filing an *Verified Petition for the Appointment of a Receiver to Enforce the State Sanitary Code* ("Verified Petition") on or about December 26, 2017. See the Verified Petition, true and accurate copies of which are attached hereto as Exhibit A, (sans exhibits). The Verified Petition requests that the Boston Housing Court appoint a Receiver for the Defendant's property, pursuant to M.G.L. 111 section 127I (the "Receivership Statute").

2. The Eastern Division of the Housing Court has interpreted the Receivership Statute to allow that Court to seize and sell property owned by African-Americans to friends of

the Court, for pennies on the dollar. To further explain, the Receivership Statute allows the Housing Court to hire a contractor to repair a tenant occupied building; the Housing Court has further decided that the statute allows that Court to implement a general receivership, (which in turn allows the Court to appointed a receiver to seize and sell the subject property to an associate). In *Perez v. Boston Housing Authority*, 379 Mass 703 (1980), 400 N.E.2d 1231, the Massachusetts Supreme Judicial Court concluded that the Receivership Statute allowed the Housing Court to implement general receiverships; in response to the *Perez* ruling the Massachusetts Legislative amended the Receivership Statute to stop the implementation of general receiverships, and further inserting into the Receivership Statute that the receiver's "rights, duties and powers shall be specified by the court in accordance with the provisions of this section". The Receivership Statute, as amended, does not allow the Housing Court's receivers to seize and sell the property of African-Americans to their friends. To date, the Housing Court has ignored the amendments to the Receivership Statue and continues to target property located in the African-American section of the City of Boston by seizing property (mostly) owned by African-Americans for the purpose of selling the property to friends of the court for pennies on the dollar. Please see Exhibit B, docket of an ongoing Housing Court case for property located in the African-American section of the City, for which the court appointed receiver has requested that he be allowed to sell the subject property, (January 8, 2018 docket entry, "Motion for authorization to execute . . . A purchase & sales agreement . . . ).

3. This Court has jurisdiction over this case as the Defendants have an equal civil right to their property, which is not extinguished because the Property is located in the African-American section of the City of Boston. As the Defendants' rights can not be enforced in the

Housing Court, as provided by a right under the law providing for the equal civil rights of the Defendants, this court has jurisdiction over this action.

4.  Defendants, therefore, are entitled to remove this action to this Honorable Court pursuant to 28 U.S.C. § 1443.

5.  Within thirty (30) day of filing of this Notice of Removal, Defendants shall file certified or attested copies of all records and proceedings of the Housing Court action and a certified or attested copy of all docket entries in the Housing Court pursuant to Local Rules 81.8 of this Honorable Court.

**WHEREFORE**, defendant James S. Dickey respectfully request that the above-referenced action now pending in the Eastern Division of Housing Court of the Commonwealth of Massachusetts, Suffolk County, be removed from that Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,
Defendant JAMES DICKEY

_/s/ James Dickey_
James Dickey
8 NewBridge Road
Sudbury, MA  01776
978.443.2504
jim.south.boston@hotmail.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the counsel for the Plaintiff by first class mail on January 25, 2018.

_/s/ James Dickey_

Dated:  January 25, 2018

_/s/ James Dickey_
James Dickey, manager
East Fourth Street LLC
8 NewBridge Road
Sudbury, MA  01776