# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                              HOUSING COURT DEPARTMENT
                                                                          EASTERN DIVISION
                                                                          CASE NO: 17-CV-000_____

| | |
|---|---|
| CITY OF BOSTON, INSPECTIONAL SERVICES DEPARTMENT,<br>    Plaintiff,<br><br>v.<br><br>EAST FOURTH STREET, LLC and JAMES S. DICKEY, MANAGER<br><br>    Defendants<br><br>ENDEAVOR CAPITAL TRUST FUNDING, LLC,<br><br>    Interested Party | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED PETITION FOR THE APPOINTMENT OF A RECEIVER TO ENFORCE THE STATE SANITARY CODE

Plaintiff, Inspectional Services Department, hereby submits this Verified Petition for the Appointment of a Receiver to enforce the State Sanitary and Building Codes pursuant to M.G.L. c. 111, § 127I. The Plaintiff asserts that the property owned and/or controlled by the Defendants has a longstanding history of Sanitary and Building Code Violations, which pose a serious risk to the health, safety and wellbeing of any occupants, abutters and residents of the community.

### Jurisdiction

1.  The Jurisdiction of this Court is founded upon the general equitable powers of G.L. c. 111, § 127I, G.L. c. 143 § 6 and G.L. c. 185C, § 3.

## Parties

2.  Plaintiff, Inspectional Services Department, is an agency of the City of Boston, a duly organized and existing municipal corporation under the laws of the Commonwealth of Massachusetts, charged with the enforcement of the State Sanitary and Building Codes pursuant to M.G.L. c. 111, § 127, *et seq.* and M.G.L. c. 143 § 3 *et seq.*

3.  Defendant, East Fourth Street, LLC, a Massachusetts Limited Liability Corporation with a principal office at 8 Newbridge Road, Sudbury, MA, owns and controls the property at issue in this matter, a severely distressed three family dwelling located at 97 Mount Ida Road in Dorchester, Massachusetts (the "Property"). On or about March 16, 2009, Defendant James S. Dickey transferred title to the subject Property from himself to the Defendant, East Fourth Street, LLC, for consideration of "less than One Hundred Dollars." True and accurate copies of the Quitclaim Deed, duly recorded in the Suffolk County Registry of Deeds at Book 44690, Pages 276 and 279 are attached as "Exhibit 1").

4.  Defendant, James S. Dickey is the sole manager and member of Defendant, East Fourth Street, LLC with an address of 8 Newbridge Road, Sudbury, Massachusetts (hereinafter "Defendants").

## Interested Party

5.  Interested Party, Endeavor Capital Trust Funding, LLC, is Massachusetts Limited Liability Corporation with a principal place of business located at 404 South Huntington Street, Jamaica Plain, MA 02130, is the holder of a mortgage and certain security agreements encumbering the Property. A true and accurate copy of the Confirmatory Assignment of Security Documents is attached as "Exhibit 2."

## Factual Allegations

6. The subject Property has a long history of Sanitary and Building Code violations, and was heavily damaged by fire in August of 2011.

7. On or about August 06, 2013, the Plaintiff served the Defendant with Emergency Violation No. V162005 for an unsafe and dangerous property, pursuant to State Building Code 780 C.M.R. 116.2, and required the Defendant to apply and secure a long form permit, and raze, remove, or replace the structure forthwith within 24 hours of notice of the Violation. A true and accurate copy of the Violation and Return of Service is attached hereto as "Exhibit 3."

8. On or about May 28, 2014, the Plaintiff served the Defendant with Emergency Violation No. 164451, for failure to maintain the land pursuant to the State Sanitary Code, 105 CMR 410.602A. The Violation states that the land is not maintained and orders the Defendant to correct the Violation by "clean[ing] land of all garbage, litter, and rubbish" within 24 hours of notice of the Violation. A true and accurate copy of the Violation and Return of Service is attached hereto as "Exhibit 4."

9. On April 29, 2014, the Court ordered the Defendant to "secure the second floor at 97 Mount Ida Road in the Dorchester neighborhood of Boston from access and exposure to the elements" and to arrange for an inspection to take place to confirm compliance. See "Exhibit 5."

10. On July 15, 2014, the Court found the Defendant in contempt of its Order dated April 29, 2014 and directed that the Defendant could purge himself of contempt by securing all windows and door openings in accordance with 780 C.M.R. 116, or by providing 24 hour watchman services or a monitored intruder alarm system. See "Exhibit 6."

11. In September 2015, Plaintiff surveyed the Property and determined that the dwelling was structurally unsound and issued a Raze Order directing the Defendants to demolish the structure

or make it safe. True and accurate copies of the Raze Order and Survey and Returns of Service are attached as "Exhibit 7."

12. For the next two years, Defendants filed one frivolous lawsuit after another in the state and federal courts challenging, among other things, the determination of the building official that the Property must be razed, the Constitutionality of the Massachusetts Receivership statute and the Plaintiff's efforts to abate Public Health Nuisances resulting from the Defendants' neglect and failure to maintain the Property.

13. On or about October 29, 2015, Defendants filed an action in Suffolk Superior Court challenging the Raze Order and on November 16, 2015, the Court issued an injunction preventing the Plaintiffs from moving forward with demolition. See <u>James S. Dickey vs. Inspectional Services Department of the City of Boston</u>, Civil Action No. SUCV2015-003278.

14. On March 31, 2017, the Suffolk Superior Court allowed the City of Boston's Motion to Dismiss and Lift the Preliminary Injunction and Judgment entered on April 3, 2017. See <u>Id.</u>

15. On April 28, 2017, Plaintiff's secured a Temporary Restraining Order in Boston Housing Court against the Defendants and authorization to abate a public nuisance because the Property was open to the elements and trespass and infested with rodents. Pursuant to this Order, Plaintiff cleaned, secured and exterminated the Property. See <u>City of Boston Inspectional Services Department vs. East Fourth Street, LLC and James S. Dickey, Manager</u>, Boston Housing Court Case No. 17H84CV000257.

16. To date, Defendant has failed to correct the underlying Sanitary and Building Code Violations and the Property, while secured from trespass, remains open to the elements and the interior conditions extremely unsanitary. As such the Property poses a serious risk to the health and safety of any occupants, abuttors and residents of the community.

17. Based on the Defendants' continued inaction with respect to these conditions, the Plaintiff contends that there is no reasonable prospect that the violations will be corrected without the appointment of a Receiver, pursuant to M.G.L. c. 111, § 127I.

### Relief Requested

WHEREFORE, the Plaintiff respectfully requests relief as follows:

1. That the Defendants be ordered to appear at 9:00AM on January 26, 2018, and show cause as to why the Court should not appoint a receiver to correct the serious and longstanding code violations at the subject Property.

2. That the Court appoint a Receiver for the Property pursuant to M.G.L. c. 111, § 127I and empower said Receiver to take all action necessary to restore the Property to compliance with the law.

3. For Plaintiff's costs of suit incurred herein.

4. For any further and other relief the Court deems just and proper.

5

## **VERIFICATION**

I, _Sheila Cavaleri_____, do depose and state that I have reviewed the above Verified Petition and Exhibits, and attest that the facts set forth therein are true and accurate and that the exhibits attached thereto are true and correct copies of the originals.

Signed under the pains and penalties of perjury this _27_ day of _December_, 2017.

_____
Inspector Sheila Cavaleri
Housing Inspections Division
Boston Inspectional Services Department


Dated: December 22, 2017

For the Plaintiff,

_____
Edward Coburn, Esq. (BBO # 655916)
Senior Assistant Corporation Counsel
Boston Inspectional Services Department
1010 Massachusetts Avenue
Boston, MA 02118
617-961-3465 (Direct)
617-635-5385 (Fax)

# Exhibit B

# 17H84CV000211 Inspectional Services Department v. Quarles, Leroy L et al

| | | |
|---|---|---|
| **Case Type** <br> Housing Court Civil | **Initiating Action:** <br> Civil Case Filed by City / Town | **Property Address** <br> 34 Holborn Street <br> Dorchester MA 02121 |
| **Case Status** <br> Active | **Status Date:** <br> 04/03/2017 | |
| **File Date** <br> 04/03/2017 | **Case Judge:** | |
| **DCM Track:** | **Next Event:** <br> 02/09/2018 | |

All Information   Party   Event   Docket   Disposition

## Party Information

**Inspectional Services Department** - Plaintiff

Alias

**Party Attorney**
- Attorney: Coburn, Esq., Edward
- Bar Code: 655916
- Address: Boston Inspectional Services Depart, Legal Div.
  1010 Massachusetts Ave
  4th Floor
  Boston, MA 02118
- Phone Number: (617)961-3465

More Party Information

**Quarles, Leroy L** - Defendant

Alias

**Party Attorney**
- Attorney: Pro Se
- Bar Code: PROPER
- Address: 
- Phone Number: 

More Party Information

**Quarles, Lisa** - Defendant

Alias

**Party Attorney**
- Attorney: Pro Se
- Bar Code: PROPER
- Address: 
- Phone Number: 

More Party Information

**Estate of Billie L. Quarles** - Defendant

Alias

**Party Attorney**
- Attorney: Pro Se
- Bar Code: PROPER
- Address: 
- Phone Number: 

More Party Information

**McAuley, Jr., Daniel** - Receiver

Alias

**Party Attorney**
Attorney         McAuley, Jr., Esq., Daniel G
Bar Code         564704
Address          Attorney at Law
                 400 TradeCenter Suite 5900
                 Woburn, MA  01801
Phone Number     (781)569-5080

More Party Information

## Events

| Date | Session | Locality | Location | Type | Result |
|---|---|---|---|---|---|
| 05/05/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Hearing on Application for TRO | Continued |
| 06/06/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 07/25/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 08/29/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 09/29/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 10/03/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Held |
| 10/31/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Hearing | Held |
| 12/01/2017 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 01/12/2018 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | Continued |
| 02/09/2018 09:00 AM | Third Session | | Courtroom 11 - 5th floor | Status Hearing | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 04/03/2017 | Civil Complaint filed | |
| 04/03/2017 | Scheduled<br>Event: Hearing on Application for TRO<br>Date: 05/05/2017  Time: 09:00 AM<br>Result: Continued | |
| 04/03/2017 | Order of Notice issued.  Party(s) must show cause why a temporary restraining order should not issue and service must be given AT LEAST TWO DAYS before scheduled hearing. | |
| 05/05/2017 | Event Resulted<br>The following event: Hearing on Application for TRO scheduled for 05/05/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action | |
| 05/05/2017 | Scheduled<br>Event: Status Hearing<br>Date: 06/06/2017  Time: 09:00 AM<br><br>Notice mailed<br>Result: Continued | |
| 06/06/2017 | Event Resulted<br>The following event: Status Hearing scheduled for 06/06/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action | |
| 06/07/2017 | Scheduled<br>Event: Status Hearing | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| | Date: 07/25/2017  Time: 09:00 AM<br><br>Notice mailed<br>Result: Continued | |
| 07/25/2017 | Event Resulted<br>The following event: Status Hearing scheduled for 07/25/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action | |
| 07/25/2017 | Scheduled<br>Event: Status Hearing<br>Date: 08/29/2017  Time: 09:00 AM<br>Result: Continued | |
| 08/29/2017 | Event Resulted<br>The following event: Status Hearing scheduled for 08/29/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Defendant not present | |
| 09/12/2017 | Scheduled<br>Event: Status Hearing<br>Date: 09/29/2017  Time: 09:00 AM   Capias hold letter mailed<br>Result: Continued | |
| 09/29/2017 | Event Resulted<br>The following event: Status Hearing scheduled for 09/29/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action | |
| 09/29/2017 | Scheduled<br>Event: Status Hearing<br>Date: 10/03/2017  Time: 09:00 AM<br>Result: Held | |
| 10/03/2017 | Capias issued for Leroy L Quarles, Lisa Quarles.  This Court HAS NOT authorized an arrest under this capias to be made after sunset. | |
| 10/03/2017 | Event Resulted<br>The following event: Status Hearing scheduled for 10/03/2017 09:00 AM has been resulted as follows:<br>Result: Held | |
| 10/03/2017 | Verified petition for the appointment of a receiver to enforce the state sanitary code | |
| 10/03/2017 | Scheduled<br>Event: Hearing<br>Date: 10/31/2017  Time: 09:00 AM<br>Result: Held | |
| 10/03/2017 | Order of Notice issued.  Party(s) must show cause why an appointment for receiver should not be alloowed and service must be given AT LEAST TWO DAYS before scheduled hearing. | |
| 10/24/2017 | Return of service Lisa Quarle L&U completed | |
| 10/25/2017 | Return of service Leroy Quarles completed<br>L & U | |
| 10/31/2017 | Event Resulted<br>Judge: Muirhead, Hon. MaryLou<br>The following event: Hearing scheduled for 10/31/2017 09:00 AM has been resulted as follows:<br>Result: Held | |
| 11/07/2017 | ORDER APPOINTING RECEIVER  - Petition for  receiver is allowed. Danial McAuley, Jr., Esq. is appt. Receiver.  See order for further details<br><br>Judge: Muirhead, Hon. MaryLou | |
| 11/08/2017 | | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| | Order mailed<br><br>Judge: Muirhead, Hon. MaryLou | |
| 11/17/2017 | Scheduled<br>Event: Status Hearing<br>Date: 12/01/2017 Time: 09:00 AM<br><br>Notice mailed<br>Result: Continued | |
| 11/28/2017 | Receiver's Status Report dated 12/1/17 | |
| 11/28/2017 | Motion to add as party defendant Estate of Billie L. Quarles and motion to add as parties - in -interest Kim Quarles, Gabrielle Clarke and Gillian Clarke filed by Daniel McAuley, Jr. | |
| 11/28/2017 | Proposed order | |
| 12/01/2017 | Event Resulted<br>Judge: Muirhead, Hon. MaryLou<br>The following event: Status Hearing scheduled for 12/01/2017 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action, Motion to add is allowed. See order for details<br><br>Judge: Muirhead, Hon. MaryLou<br><br>Judge: Muirhead, Hon. MaryLou | |
| 12/01/2017 | ORDER - See order for all details<br><br>Judge: Muirhead, Hon. MaryLou<br><br>Judge: Muirhead, Hon. MaryLou<br><br>Judge: Muirhead, Hon. MaryLou<br><br>Judge: Muirhead, Hon. MaryLou | |
| 12/04/2017 | Scheduled<br>Event: Status Hearing<br>Date: 01/12/2018 Time: 09:00 AM<br><br>Notice mailed and order mailed<br>Result: Continued | |
| 01/08/2018 | Motion for authorization to execute a listing agreement to sell the property & execute an Offer to purchase & A purchase & sales agreement filed by Daniel McAuley, Jr. | |
| 01/08/2018 | Receiver's affidavit of service | |
| 01/08/2018 | Proposed order | |
| 01/12/2018 | Event Resulted<br>Judge: Muirhead, Hon. MaryLou<br>The following event: Status Hearing scheduled for 01/12/2018 09:00 AM has been resulted as follows:<br>Result: Continued<br>Reason: Court Action | |
| 01/16/2018 | Scheduled<br>Event: Status Hearing<br>Date: 02/09/2018 Time: 09:00 AM<br><br>notice mailed | |

## Case Disposition