UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT,<br>        Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and<br>EAST FOURTH STREET, LLC<br>        Defendants. | CIVIL ACTION NO. 1:18-cv-10143 JCB |

**DEFENDANT JAMES DICKEY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN OPPOSITION OF PLAINTIFF'S MOTION TO REMAND**

Defendant James S. Dickey now requests that this Honorable Court denies the Plaintiff's request to remanded the instant case to the Eastern Division of the Housing Court (the "Housing Court"), as this Court has subject-matter jurisdiction in this case, pursuant to the provisions of 28 U.S.C. § 1443 and 28 U.S.C. § 1446.

## ARGUMENT

This Honorable Court should deny the Plaintiff's motion to remand as the Defendants cannot enforce in the Housing Court a right as the Housing Court has interpreted Massachusetts General Law chapter 111, section 127I, (the "Receivership Statute"), to allow that Court to seize and sell property owned in the African-American section of the City of Boston to friends of the Court, for pennies on the dollar, (in violation of 42 U.S. Code § 3617). To further explain, the Receivership Statute allows the Housing Court to hire a contractor to repair a tenant occupied building; the Housing Court has further decided that the statute allows that Court to implement a general receivership, (which in turn allows the Court to appointed a receiver to seize and sell the subject property to an associate).

In *Perez v. Boston Housing Authority*, 379 Mass 703 (1980), 400 N.E.2d 1231, the Massachusetts Supreme Judicial Court concluded that the Receivership Statute allowed the Housing Court to implement general receiverships; in response to the *Perez* ruling the Massachusetts Legislative amended the Receivership Statute to stop the implementation of general receiverships, and further inserting into the Receivership Statute that the receiver's "rights, duties and powers shall be specified by the court in accordance with the provisions of this section". **Please see Exhibit A, *Mass. Gen. Law chapter 111, section 127I.*** The Receivership Statute, as amended, does not allow the Housing Court's receivers to seize and sell the property of African-Americans to their friends.

To date, the Housing Court has ignored the amendments to the Receivership Statue and continues to target property located in the African-American section of the City of Boston,[1] seizing property (mostly) owned by African-Americans for the purpose of selling the property to friends of the court for pennies on the dollar.[2] **Please see Exhibit B, docket of an ongoing Housing Court case for property, (for property located in the African-American section of the City), which the court appointed receiver has requested that he be allowed to sell the subject property, (January 8, 2018 docket entry, "Motion for authorization to execute ... A purchase & sales agreement ... ). Please also see Exhibits C thru N, twelve deeds executed by Housing Court appointed receivers, (pursuant to M.G.L. c. 111 § 127I), selling real**

---

[1] The area targeted by the above mentioned interpretation of the Receivership Statute, being the African-American section of the City of Boston, was established by the Massachusetts Attorney General as part of the Attorney General's office Safe Neighborhood Initiative, as more fully described in the 1998 Attorney General's Report, **please see Exhibit O, *Report of the Attorney General for the Year Ending June 30, 1998, pages 142, 152-153.***

[2] As the Receivership Statute provides the receiver with the ability to place a first place lien on the subject property, the owner is unable to sell, (for market price), or refinance the property during the duration of the receivership. As a potential buyer of the property is unable to obtain financing to purchase the subject property, the court appointed receiver is able to go thru the motions of attempting to sell the property, and then sell the property to a friend for less than market as any legitimate potential buyer cannot obtain financing.

property located in the African-American section of the City of Boston for less than market value, and please see Exhibit P, affidavit of James Dickey indicating that all of the owners of the property mentioned in the enclosed deeds that he has witnessed in the Boston Housing Court are African-American.

This Court has jurisdiction over this case as the Defendants have an equal civil right to their property, which is not extinguished because the Defendant's property is located in the African-American section of the City of Boston. As the Defendants' rights cannot be enforced in the Housing Court due to an interpretation of the Receivership Statute, (in violation of 42 U.S. Code § 3617), this court has jurisdiction over this action; the Defendants, therefore, are entitled to remove this action to this Honorable Court pursuant to 28 U.S.C. § 1443.

**WHEREFORE**, defendant James S. Dickey respectfully request that the Plaintiff's motion to remand be denied.

Respectfully submitted,
Pro se Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the counsel for the Plaintiff by first class mail on February 16, 2018.

*/s/ James Dickey*

Dated: February 16, 2018

*/s/ James Dickey*
James Dickey
8 NewBridge Road
Sudbury, MA 01776
978.443.2504
jim.south.boston@hotmail.com