UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT,<br>Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and<br>EAST FOURTH STREET, LLC<br>Defendants. | CIVIL ACTION NO. 1:18-cv-10143 RGS |

**DEFENDANT JAMES DICKEY'S MEMORANDUM
OF LAW IN SUPPORT OF HIS EMERGENCY MOTION FOR
A STAY OF THE REMAND ORDER**

Defendant James Dickey (the "Defendant") now requests that this Honorable Court enter a stay of the March 27, 2018 Order remanding the instant case to the Eastern Division of the Housing Court (the "Housing Court"), as an appeal has been filed in the instant case, and as this Court has subject-matter jurisdiction over this case pursuant to the provisions of 28 U.S.C. § 1443 and 28 U.S.C. § 1446.

## ARGUMENT

This Honorable Court should enter a stay of the March 27, 2018 Order remanding the instant case to the Housing Court as that Court, without legal justification, interprets Massachusetts General Law Chapter 111, Section 127I, (the "Statute"), as to allow that Court to seize and sell property owned in the African-American section of the City of Boston to friends of the Court for pennies on the dollar, (in violation of 42 U.S. Code § 3617). To further demonstrate and assert the above mentioned underlying facts, the Defendant submitted to this Court a docket listing of an active Housing Court case in which the court appointed receiver requested that he be allowed to sell real property owned by an African-American, (**please see**

**Defendants' Notice of Removal, Exhibit B** ), and further submitted to this Court twelve deeds executed by court appointed receivers selling real property, all of which are located in the African-American section of the City of Boston. **Please see Defendant's Motion in Opposition of Plaintiff's Motion to Remand, Exhibits C thru N.** The Defendant further stated that he has an equal civil right to own property, which is not extinguished because his property is located in the African-American section of the City of Boston. For reasons unknown this Court has failed to acknowledge the above mentioned facts, and further asserted that the Defendant has failed to assert any facts stated in terms of racial equality.

In *Perez v. Boston Housing Authority*, 379 Mass 703 (1980), 400 N.E.2d 1231, the Massachusetts Supreme Judicial Court concluded that the Statute allows the Housing Court to implement general receiverships; in response to the *Perez* ruling the Massachusetts Legislators amended the Statute to stop the implementation of general receiverships, and further inserting into the Statute that the receiver's "rights, duties and powers shall be specified by the court in accordance with the provisions of this section". The Statute, as amended, does not allow the Housing Court's receivers to seize and sell the property of African-Americans to their friends. Again, the issue that has been presented to this Court is that the Housing Court has failed to acknowledge the 1993 revisions to the Statue and interprets the Statute as to allow that court to seize and sell real property; and that this interpretation has been implemented almost exclusively in the African-American section of the City of Boston.[1,2]

---

[1] The area targeted by the above mentioned interpretation of the Receivership Statute, being the African-American section of the City of Boston, was established by the Massachusetts Attorney General as part of the Attorney General's office Safe Neighborhood Initiative, as more fully described in the 1998 Attorney General's Report, **please see Defendant's Motion in Opposition of Plaintiff's Motion to Remand, Exhibit O,** *Report of the Attorney General for the Year Ending June 30, 1998, pages 142, 152-153.*

[2] A copy of *M.G.L. c. 111 sec. 127I*, as amended, is attached to this motion as Exhibit A.

Furthermore, as the Defendant's property is vacant, and as the Statute is not applicable to vacant property, the Plaintiff will not be harmed by the requested stay. While in *City of Boston v. Rochalska*, 72 Mass.App.Ct. 236, 890 N.E. 2d 157 (2008), the Massachusetts Appeals Court concluded that the Statute applies to vacant properties, the *Rochalska* Court failed to consider that prior to the 1993 revisions that only a tenant could petition a court for the appointment of a receiver.[3] The 1993 revisions of the Statute allows a public agency to petition for appointment of a receiver on behalf of the tenant/occupants of the property; the 1993 amendments to the Statute were never intended to expand the Statute to include vacant property, (the amended Statute further states that a receiver should be appointed only if the "appointment is in the best interest of occupants residing in the property"). *M.G.L. c. 111 § 127I.* Furthermore, the Statue bars a court from reading the Statue in a "broader context", as the receiver's "rights, duties and powers shall be specified by the court in accordance with the provisions of this section". *Id.*

To date, the Housing Court has ignored the amendments to the Statue and continues to target property located in the African-American section of the City of Boston, seizing property for the purpose of selling the property to friends of the court for pennies on the dollar.[4] Again, this Court has jurisdiction over this case as the Defendants have an equal civil right to their property which is not extinguished because the Defendants' property is located in the African-American section of the City of Boston. As the Defendants' rights cannot be enforced in the Housing Court due to this interpretation of the Statute, this Court has jurisdiction over this action; the Defendants, therefore, were entitled to remove this action to this Honorable Court.

---

[3] *M.G.L. c. 111 § 127H*, as amended through St. 1978 section 6 stated that: "Any tenant who rents space in a building … may file a petition against the owner …" *M.G.L. c. 111 § 127H.*

[4] The Housing Court receiver in the above mentioned *Rochalska* case, Jonathan Kaye, is also the same individual who purchased 22 Gaston Street, Dorchester, Massachusetts for $81,400.00 from the Housing Court. **Please see Exhibit B.**

**WHEREFORE**, defendant James Dickey respectfully request that this Court enters a stay of this Court's March 27, 2018 Order remanding the instant case to the Eastern Division of the Housing Court, as an appeal has been filed in the instant case.

Respectfully submitted,
Pro se Defendant

*/s/ James Dickey*
James Dickey
8 NewBridge Road
Sudbury, MA 01776
978.443.2504
jim.south.boston@hotmail.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the counsel for the Plaintiff by hand on April 6, 2018.

*/s/ James Dickey*

Dated: April 6, 2018

- 4 -